UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| MARUSHA MARIA WOWDIA | * | Chapter 7 |
| f/k/a MARIA CRAGO | * | |
| | * | |
| Debtor(s) | * | No. 05-35022 |
| | * | |

### ORDER DENYING MOTION TO DETERMINE JURISDICTION AND MOTION FOR PROTECTIVE ORDER

THIS CASE is before the Court on the motion of Marusha Maria Wowdia, pro se, for an order by this court determining that it has jurisdiction over two parcels of real property and for protective order preventing its forfeiture and seizure by the United States.[1] Having reviewed the Debtor's motion, the response by the United States, this Court's docket in this case, and the Opinion and Order entered by the United States District Court for the District of Oregon in the case styled United States of America v. 45 Poquito Road, Shalimar, Okaloosa County, Florida, etc. reported at 2006 WL 2233645, I conclude that there is no necessity for hearing on this motion and the motion and will be denied.

The Debtor filed this case under Chapter 7 on November 28, 2005. At the time this case was filed, the above referenced forfeiture action was pending in the United States District Court for the District of Oregon against two properties which the Debtor has scheduled as assets in this bankruptcy. Those properties, both located in Okaloosa County, Florida are identified as 45 Poquito Road, Shalimar, and 14 Warwick Drive, Shalimar. The circumstances giving rise to the forfeiture action are fully set

---

[1] Although the Debtor identifies the State of Oregon as the plaintiff, the United States is actually he party bringing the action against the property.

forth in the Opinion and Order of the District Court. In her bankruptcy case, the Debtor scheduled both of these properties as exempt, and there were no objections to the Debtor's claim of exemption as to these properties. The Debtor received her discharge on March 7, 2006.

Between February of 2005 and June 1, 2006, it appears that the United States did not move forward with the forfeiture action based on multiple motions for extensions of time filed by Wowdia which were granted. Finally, on June 1, 2006, the United States filed its Motion for Summary Judgment, which was granted in the August 2, 2006, Opinion and Order. Thereafter, on August 7, 2006, the Court entered its Final Judgment of Forfeiture with respect to the two properties. In her motions before this Court, the Debtor asserts that these properties are property of her bankruptcy estate subject to the jurisdiction of this Court and protected by the automatic stay pursuant to 11 U.S.C § 362(a). She further asserts that her discharge prevents the government from pursuing this action. Finally, she attempts to contest certain findings and conclusions unrelated to bankruptcy set forth by the District Court in its Order and Opinion. The Debtor's arguments are totally devoid of any merit.

While the Debtor listed these two properties as property of the estate initially, she also claimed them as exempt. The duration of the automatic stay is set forth in 11 U.S.C. § 362(c) which provides that

> (c) except as provided in subsections (d)(e)(f) and (h) of this section -
> (1) the stay of an act against property of the estate under section (a) of this section continues until such property is no longer property of the estate; the stay of any other act under subsection (a) of this section continues until the earliest of
> > (A) the time the case is closed;
> > (B) the time is dismissed; or
> > (C) if the case is a case under Chapter 7 of this Title concerning an individual or a case under Chapter 9, 11, 12 or 13 of this Title, the timely discharge is granted or denied;

The Debtor having claimed the property as exempt, unless a party in interest files a timely objection, such property is exempted from the bankruptcy stay. **In re Kretzer**, 48 B.R. 585 (Bankr. NV 1985). Once exempted, the property revests in the Debtor and is no longer property of the estate for purposes of the automatic stay. Once the Debtor receives her discharge, the stay terminates with respect to her property. Thereafter, the Debtor's protections lie in the discharge provisions of 11 U.S.C. § 524.

The effect of the discharge is set forth in § 524(a) which provides, generally, that the discharge voids any judgment to the extent that the judgment is a determination of the personal liability of the Debtor with respect to debts discharged and it operates to enjoin the commencement or continuation of any action or acts to collect or recover any such debt as a personal liability of the Debtor. The forfeiture action filed by the United States does not fall under the injunctive provisions of § 524. Such action is not based on any assertion of personal liability of the Debtor for any debt. Instead, it is an *in rem* proceeding against property claimed by the Debtor to enforce the interest of the United States in such property under the provisions of 18 U.S.C. § 981(a)(1).

To the extent that the Debtor seeks to raise any issues relating to the merits of the forfeiture action, those have been decided by the District Court and are *res judicata*. Accordingly, it is

ORDERED AND ADJUDGED that the Debtor's Motion to Determine Jurisdiction and Motion for Protective Order is DENIED.

DONE AND ORDERED at Tallahassee, Florida, this 21st day of December, 2006.

*/s/ Lewis M. Killian*
LEWIS M. KILLIAN, JR.
Bankruptcy Judge